STATE of Wisconsin, Plaintiff-Respondent,

v.

Chad A. KLESSIG, Defendant-Appellant.†

Court of Appeals

*No. 95–1938–CR. Submitted on briefs December 11, 1995.—Decided January 17, 1996.*

(Also reported in 544 N.W.2d 605.)

†Petition to review granted.

For the defendant-appellant the cause was submitted on the briefs of *Robert J. Miller* of Green Bay.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Diane M. Nicks*, assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Chad A. Klessig appeals a judgment of conviction for one count of party to the crime of burglary. Klessig contends that the trial court erred by failing to conduct a hearing on Klessig's waiver of his constitutional right to counsel and his competency to proceed pro se. Because Klessig has not alleged that he was prejudiced by the trial court's failure to inquire whether the waiver of his right to counsel was knowing and voluntary and the trial court is not required to inquire into a defendant's competency to represent himself, we affirm the judgment of conviction.

The State charged Klessig with one count of bail jumping and one count of being a party to the crime of burglary. Klessig waived his preliminary hearing and was bound over for trial. Klessig's court-appointed attorney later moved for permission to withdraw as counsel and the motion was granted. The state public defender's office appointed a new attorney who was also permitted to withdraw with Klessig's approval. The public defender's office subsequently advised Kles-

sig that it would not appoint additional counsel in view of his discharge of the two previously appointed attorneys and asked that he contact it about his latest attorney continuing his representation. Klessig wrote the court and the public defender's office advising them that he would be acting as his own counsel and that he was prepared for trial on the scheduled trial date. The trial court appointed stand-by counsel for Klessig and permitted Klessig to conduct his own defense. The State proceeded to trial on the burglary count and Klessig was convicted after a jury trial.

Klessig now contends that the trial court failed to establish that Klessig made a knowing and intelligent waiver of his right to counsel and that Klessig was competent to proceed pro se.[1] We review the issue of whether Klessig effectively waived his constitutional right to counsel de novo because it raises issues of constitutional fact. *See State v. Haste*, 175 Wis. 2d 1, 23, 500 N.W.2d 678, 687 (Ct. App. 1993).

The United States Supreme Court has determined that the Sixth Amendment right to counsel encompasses a defendant's right to proceed pro se. *Faretta v. California*, 422 U.S. 806, 819 (1975). In order to represent himself, the accused must knowingly and intelligently waive his right to counsel. *Id.* at 835.

Klessig contends that the absence of a colloquy between the court and the defendant in regard to his request to represent himself and waive his right to counsel requires a reversal of his conviction. Unques-

---

[1] The right to counsel is guaranteed by the Sixth Amendment to the United States Constitution and art. I, § 7, of the Wisconsin Constitution.

tionably the court is obligated to inquire whether the waiver was knowingly and voluntarily made. *See Pickens v. State*, 96 Wis. 2d 549, 561-62, 292 N.W.2d 601, 608 (1980). It is equally clear that the record in this case contains no inquiry indicating that the waiver was knowing and voluntary. The question before us is the result of the court's failure to make such an inquiry.

We first note that the defendant does not assert that he was unaware of the implications of his waiver of counsel or that the waiver was not entirely voluntary. The defendant's position is that the absence of the inquiry standing alone and with nothing more compels reversal. We disagree. When a court fails to comply with mandated procedure, the defendant is obligated to make a prima facie showing that he has been prejudiced by the omission. *See State v. Bangert*, 131 Wis. 2d 246, 274, 389 N.W.2d 12, 26 (1986). If a prima facie showing is made, the burden shifts to the State to prove by clear and convincing evidence that the waiver of counsel was knowingly and voluntarily made.[2] *See id.* at 274-75, 389 N.W.2d at 26. Without a prima facie showing or even a contention that he did not have the

---

[2] Under *State v. Bangert*, 131 Wis. 2d 246, 274-75, 389 N.W.2d 12, 26 (1986), the State has the burden to prove by clear and convincing evidence that the waiver of constitutional rights was knowing and voluntary. Other claimed errors may require the State to prove beyond a reasonable doubt that the defendant was not prejudiced by the error. Because we are dealing with the waiver of the right to counsel, the *Bangert* analysis applies to prove the waiver was knowing and voluntary. Although *Bangert* involves an analysis for voluntarily and knowingly waiving constitutional rights when entering a plea and not waiving the right to counsel, we conclude its analysis is appropriate in this situation.

knowledge and understanding necessary for him to voluntarily and intelligently waive his right to counsel, Klessig's rights have not been prejudiced and the court's omission is nothing more than harmless error. *See id.*

We recognize that there is a split of authority in the federal courts as to whether harmless error analysis applies to waiver of the right to counsel. *Compare Richardson v. Lucas*, 741 F.2d 753, 757 (5th Cir. 1984) (applying harmless error analysis) *and United States v. Gipson*, 693 F.2d 109, 112 (10th Cir. 1982) (same) *with Abdullah v. Groose*, 44 F.3d 692, 696 (8th Cir. 1995) (harmless error doctrine is inappropriate in this context). We conclude that this issue is resolved in Wisconsin by *Bangert*, which applies harmless error analysis to a broad spectrum of constitutional rights. We see no reason why *Bangert* should not apply to the waiver of counsel.

We believe not every technical error should result in a windfall by reversing the conviction of a defendant who has not been prejudiced by the error. The error should not be conclusively presumed to be prejudicial. The defendant has an obligation to make at least a minimal showing that the court's omission has in some way affected his rights. The burden of asserting a claim of prejudice or making a prima facie showing that his rights have been affected by the error is not so great as to adversely affect the State's conscientious effort to comply with the requirements of law. Because the defendant need only make a prima facie showing of prejudice and the State bears the burden of proving by clear and convincing evidence that the waiver was knowing and voluntary, we believe the State will make conscientious efforts to assist the trial court in meeting

403

its obligations. Our holding that every technical failure does not compel reversal is consistent with the *Bangert* analysis and the integrity of the judicial process.

Further, we may look to the record to determine whether the defendant made a knowing and voluntary waiver of his right to counsel. *See Pickens*, 96 Wis. 2d at 563, 292 N.W.2d at 609. In this case, the request to waive counsel came from the defendant by a letter to the court. Stand-by counsel was appointed and the defendant availed himself of counsel's assistance during the trial. This defendant demonstrated a level of understanding and sophistication in his self-representation that is consistent with a knowing and voluntary waiver of his right to counsel. In the absence of an assertion that he was prejudiced by the court's failure to make an inquiry and in light of a record that demonstrates a basic understanding of our legal system, we conclude that the court's failure to make an inquiry does not compel the reversal of the defendant's conviction.

We also reject Klessig's contention that the trial court must make a separate determination that a defendant possesses the competence necessary to conduct his own defense. At one point Wisconsin required an independent inquiry into competence before a defendant's waiver of counsel in a criminal proceeding could be deemed effective. *Pickens*, 96 Wis. 2d at 567, 292 N.W.2d at 610; *Haste*, 175 Wis. 2d at 24, 500 N.W.2d at 687. This law, however, changed when the United States Supreme Court decided *Godinez v. Moran*, 113 S.Ct. 2680, 2682 (1993). In *Godinez*, the Supreme Court concluded that the only inquiry into competence required for a waiver of the right to counsel was the competence necessary to stand trial. *Id.*

Once a defendant has been found competent to stand trial, a trial court may not engage in further or heightened competency requirements addressing the defendant's possession of skills, intelligence or experiences that would be sufficient to permit him to adequately represent his best interests at trial. *Id.* at 2687. A competency determination is required only when the court has reason to doubt the defendant's competence to stand trial. *Id.* at 2688 n.13. Klessig does not contend that he was not competent to stand trial or that the court had reason to doubt his competence to stand trial. Therefore, we conclude that the trial court's failure to make an independent determination of competency was not error.

We recognize the difficulties inherent in treating the right to proceed pro se as a constitutional right not subject to trial court review. Nonetheless, we are bound by the Supreme Court's analysis of the Sixth Amendment and its conclusion that the right to proceed pro se is constitutionally guaranteed. Under the doctrine enunciated by the Supreme Court, a trial court may not deny an individual that right because of an independent determination that the defendant lacks the necessary skills or legal expertise to adequately protect his interests at the criminal trial. Therefore, we affirm the judgment of conviction.

*By the Court.*—Judgment affirmed.